IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CV-779-KDB-DCK

| | |
|---|---|
| MOUNTAIN ISLAND DAY COMMUNITY CHARTER SCHOOL and MARINER FOUNDATION, <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> INSPIRE PERFORMING ARTS COMPANY, LLC, LISA LEWIS, and MEGAN ELIZABETH ZUGELDER MAY, <br><br> Defendants/Counterclaim Plaintiffs, <br> Third-Party Plaintiffs, <br><br> v. <br><br> Jackson Day School Board Of Directors, Mariner Foundation Board of directors, and Tammy Winstead, <br><br> Third-Party Defendants. | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiffs' And Third-Party Defendants' Motion To Dismiss Counterclaims And Third-Party Claims For Lack Of Subject Matter Jurisdiction" (Document No. 54), "Plaintiffs' And Third-Party Defendants' Motion To Dismiss Counterclaims And Third-Party Claims For Failure To State A Claim Upon Which Relief Can Be Granted" (Document No. 56), and "Counterclaim Plaintiffs' And Third-Party Plaintiffs' Motion To Amend" (Document No. 60). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having

carefully considered the motion and the record, the undersigned will <u>grant</u> the motion to amend and deny the motions to dismiss as moot.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." <u>Nourison Rug Corporation v. Parvizian</u>, 535 F.3d 295, 298 (4th Cir. 2008) (<u>citing HCMF Corp. v. Allen</u>, 238 F.3d 273, 276-77 (4th Cir. 2001)); <u>see also</u>, <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." <u>Pittston Co. v. U.S.</u>, 199 F.3d 694, 705 (4th Cir. 1999) (<u>quoting Foman</u>, 371 U.S. at 182).

## DISCUSSION

In the interests of judicial economy and efficient case management, the undersigned will address the pending motions without further delay. However, counsel are respectfully reminded that

> Civil motions must show that counsel have conferred and attempted in good faith to resolve areas of disagreement, **or describe the timely attempts of the movant to confer with opposing counsel**.

> A motion that fails to show that the parties have properly conferred or attempted to confer **may be summarily denied**.

LCvR 7.1(b) (emphasis added).

The undersigned is not persuaded there is sufficient evidence of prejudice, bad faith, or futility to outweigh the interests of justice that favor granting leave to amend; therefore, the undersigned will allow Counterclaim/Third-Party Plaintiffs to file Amended Counterclaims and Third-Party Complaint which supersedes their original Counterclaims and Third-Party Complaint (Document No. 49). Furthermore, the undersigned will direct that "Plaintiffs' And Third-Party Defendants' Motion[s] To Dismiss..." (Document Nos. 54 and 56) be denied as moot.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

To the extent Counterclaim/Third-Party Defendants contend the Amended Counterclaims/Third-Party Complaint is deficient, this Order is without prejudice to Counterclaim/Third-Party Defendants filing a renewed motion to dismiss the Amended

3

Counterclaims/Third-Party Complaint. However, if a renewed dismissal motion is appropriate, Counterclaim/Third-Party Defendants are respectfully directed to file a single motion.

**IT IS, THEREFORE, ORDERED** that "Counterclaim Plaintiffs' And Third-Party Plaintiffs' Motion To Amend" (Document No. 60) is **GRANTED**.[1]

**IT IS FURTHER ORDERED** that "Plaintiffs' And Third-Party Defendants' Motion To Dismiss Counterclaims And Third-Party Claims For Lack Of Subject Matter Jurisdiction" (Document No. 54) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that "Plaintiffs' And Third-Party Defendants' Motion To Dismiss Counterclaims And Third-Party Claims For Failure To State A Claim Upon Which Relief Can Be Granted" (Document No. 56) is **DENIED AS MOOT**.

**SO ORDERED**.

Signed: January 29, 2025

David C. Keesler
United States Magistrate Judge

---

[1] The "Administrative Procedures Governing Filing and Service by Electronic Means," revised January 1, 2018, at Part II, Section A, Paragraph 8, provide that: "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV. If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket."