IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:24-CV-00779-KDB-DCK

| | |
|---|---|
| MOUNTAIN ISLAND DAY COMMUNITY CHARTER SCHOOL, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> INSPIRE PERFORMING ARTS COMPANY, LLC, ET AL., <br><br> Defendants. | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Defendants' Partial Motion To Dismiss (Doc. No. 50); Plaintiffs' And Third-Party Defendants' Motion To Dismiss First Amended Counterclaims And To Dismiss Or Strike First Amended Third-Party Claims (Doc. No. 66); and Plaintiff Jackson Day School's And Third-Party Defendants Jackson Day School Board Of Directors' And Tammy Winstead's Motion To Dismiss (Doc. No. 70); the Memorandum and Recommendation ("M&R") of the assigned Magistrate Judge recommending that these motions be in part granted and in part denied (Doc. No. 82); the Parties' Objections to the M&R (Doc. Nos. 86, 87); Defendants' Motion to Amend/Correct Counterclaims and Motion for Joinder (Doc. No. 84); and Plaintiffs' Motion for Extension of Time to Respond to the Motion to Amend/Correct Counterclaims (Doc. No. 88).

The Court has carefully considered these motions and the Parties' Objections de novo. For the reasons discussed below, the Court will in part **GRANT** and in part **DENY** the motions. Further, because the Court will (for the sake of efficiency and in the absence of prejudice) recharacterize Defendants' mislabeled "Third-Party Claims" as Counterclaims with additional

1

parties joined, the Motion to Amend/Correct and related Motion for Extension of Time will be **DENIED** as moot.

## I. LEGAL STANDARD

A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain pretrial matters, including motions to dismiss. 28 U.S.C. § 636(b)(1). Any party may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Objections to the magistrate's proposed findings and recommendations must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette,* 478 F.3d 616, 622 (4th Cir.), *cert. denied*, 551 U.S. 1157 (2007). However, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" and need not give any explanation for adopting the M&R. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

A motion to dismiss under Rule 12(b)(1) seeks to dismiss a complaint for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). The plaintiff has the burden of proving that subject matter jurisdiction exists. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The existence of subject matter jurisdiction is a threshold issue

the court must address before considering the merits of the case. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). "The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." *Chris v. Tenet*, 221 F.3d 648, 655 (4th Cir. 2000) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30 (2012). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The Court, however, accepts all well-pled facts as true and draws all reasonable inferences in Plaintiff's favor. *See Conner v. Cleveland Cty., N. Carolina,* No. 19-2012, 2022 WL 53977, at *1 (4th Cir. Jan. 5, 2022)*; E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). In so doing, the Court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Pa. Nat'l Mut. Cas. Ins. Co. v. Beach Mart, Inc.*, 932 F.3d 268, 274 (4th Cir. 2019). Construing the facts in this manner, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Pledger v. Lynch*, 5 F.4th 511, 520 (4th Cir. 2021) (quoting *Ashcroft*, 556 U.S. at 678). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a

3

claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

## II. FACTS AND PROCEDURAL HISTORY

Defendants Megan Elizabeth Zugelder May ("May") and Lisa Lewis ("Lewis") are former dance teachers employed by Plaintiff Mountain Island Day Community Charter School d/b/a Jackson Day School ("JDS"), who were paid an additional stipend to run Plaintiff Mariner Foundation's ("Mariner") afterschool, extracurricular Inspire Dance Team. Doc. No. 39 at 1-2. Mariner is a non-profit parent-teacher organization affiliated with JDS that owns various school facilities and operates afterschool, extracurricular activities. *Id*. There are several aspects to this dispute, which all involve the Parties' relative control over the dance team, including who owns the rights to the trademarks 'Inspire Dance Team' and 'Inspire Dance Company' (the "INSPIRE marks").

The Complaint alleges that May and Lewis used their position running the Inspire Dance Team to embezzle and misappropriate funds from Mariner and then, after leaving JDS in 2024, improperly solicited JDS parents to join a competing dance team called "Inspire Performing Arts Company," which has unlawfully used the "INSPIRE marks" (which Plaintiffs contend that May and Lewis developed in the scope of their JDS employment in 2019). *Id*. In response, Defendants deny any wrongdoing and assert Counterclaims against Plaintiffs and various Third-Party Defendants centered on their allegation that they are the true owners of the INSPIRE marks based on their earlier use of the marks beginning in 2016.

Specifically, as described in the M&R, Plaintiffs initiated this action on August 27, 2024, with the filing of a "Verified Complaint," Doc. No. 1, and a "…Motion For Temporary Restraining Order And Preliminary Injunction," Doc. No. 2. The Court declined to enter a temporary

4

restraining order and a preliminary injunction and Plaintiffs unsuccessfully appealed.[1] Doc. Nos. 4, 19, 20. On November 12, 2024, Plaintiffs filed their "First Amended Complaint" ("FAC") Doc. No. 39. The FAC asserts claims against Inspire Performing Arts Company, LLC ("Inspire PAC"), May, and Lewis for: (1) Violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) Trademark Infringement and Unfair Competition; (2) Violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B) False Advertising; (3) Violation of the North Carolina Unfair And Deceptive Trade Practices Act, N.C. Gen. Stat §§ 75-1.1, et seq; (4) Breach of Contract (Mariner Foundation against May); (5) Breach of Contract (Mariner Foundation against Lewis); (6) Breach Of Implied Covenant of Good Faith and Fair Dealing (Mariner Foundation against May); (7) Breach Of Implied Covenant of Good Faith and Fair Dealing (Mariner Foundation against Lewis); (8) Conversion; and (9) Unjust Enrichment. *Id*. at 22-37.

"Defendants' Answer To Plaintiffs' Complaint, Affirmative Defenses, Counterclaims And Third Party Complaint," Doc. No. 28, was filed on October 28, 2024. On January 29, 2025, Defendants filed their "First Amended Counterclaims And First Amended Third-Party Complaint." Doc. No. 63. Defendants assert claims against Plaintiffs, the JDS Board, the Mariner Foundation Board, Tammy Winstead, and Board Members John and Jane Does 1-10 for: (1) Declaratory Judgment of Ownership of the INSPIRE marks and Non-Infringement; (2) Lanham Act False Designation of Origin and Unfair Competition; (3) North Carolina Trademark Infringement; (4) North Carolina Common Law Unfair Competition; (5) Defamation; (6) Slander;

---

[1] The United States Court of Appeals for the Fourth Circuit affirmed the denial of preliminary injunctive relief on September 2, 2025. *See* Doc. No. 83 at 10-12, 14 ("The record supports the district court's conclusion that 'factual disputes . . . preclude the extraordinary relief of a preliminary injunction'" with regard to the Plaintiffs' trademark infringement, false advertising and unfair trade practices claims.).

5

(7) Unfair and Deceptive Trade Practices; (8) Abuse of Process; and (9) Alter Ego Liability. *Id*. at 32-42.

Defendants' Partial Motion To Dismiss, Doc. No. 50, seeks to dismiss Mariner's claims for Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, and Conversion pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Plaintiffs' And Third-Party Defendants' Motion To Dismiss, Doc. No. 66, seeks dismissal of the amended counterclaims and third-party claims pursuant to Fed.R.Civ.P 12(b)(1), and (6), 12(f) and 14(a)(4). Finally, Plaintiffs and Third Party Defendants have filed a Motion To Dismiss, Doc. No. 70, more specifically seeking dismissal of the first amended counterclaims and third-party claims pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction.

Magistrate Judge David Keesler considered each of the Motions to Dismiss thoroughly and in detail. The M&R recommends Defendants' Partial Motion to Dismiss, Doc. No. 50, be granted in part and denied in part, with Counts IV and V (Breach of Contract) and VI and VII (Breach of Covenant of Good Faith and Fair Dealing) being dismissed and Count VIII (Conversion) surviving dismissal under Rule 12. For Plaintiffs' And Third-Party Defendants' Motion To Dismiss, Doc. No. 66, the M&R also recommends that it be granted in part and denied in part, with the Third-Party Claims 1-9 and Counterclaims 8-9 being dismissed and the remaining counterclaims surviving. Finally, the M&R recommends that Plaintiff Jackson Day School's And Third-Party Defendants Jackson Day School Board Of Directors' And Tammy Winstead's Motion To Dismiss, Doc. No. 70, be denied without prejudice.

Both sides have filed Objections to the M&R. Defendants object to the portion of the M&R which recommends dismissal of all "third-party" claims against the Jackson Day School Board of Directors, Mariner Foundation Board of Directors, John and Jane Doe 1-10, and Tammy Winstead.

With respect to those claims, which the M&R (correctly) found were not valid "Third-Party Claims" under Rule 14 of the Federal Rules of Civil Procedure, Defendants ask the Court to either "redesignate" those claims as counterclaims pursuant to Rule 13 or permit Defendants to "amend/correct" their pleading to recharacterize the claims themselves. *See* Doc. Nos. 84 (Motion to Amend/Correct Counterclaims), 86 (Objections). Plaintiffs do not object to the M&R's recommendation that their claims for breach of contract and breach of the implied covenant of good faith and fair dealing (Counts IV through VII) be dismissed. However, they do object to the M&R to the extent that it does not dismiss all of Defendants' non-trademark-related counterclaims/third-party claims (Claims 4 through 9), arguing lack of supplemental jurisdiction (alleging that they do not arise out of the circumstances that are the subject Plaintiffs' remaining claims), lack of subject matter jurisdiction on account of governmental immunity and/or failure to state a claim upon which relief can be granted.

The pending motions and objections are ripe for the Court's ruling.[2]

### III. DISCUSSION

This action has generated pleadings and motions which, with great respect to the importance of the issues to the Parties and their passion for their positions, appear to exceed what the Court would expect from a dispute over a single middle school dance team. In any event, if the Parties cannot voluntarily resolve their dispute based on the detailed opinions of the Magistrate Judge and the Court of Appeals, then the Court encourages the Parties to focus their efforts moving forward on the merits of their respective claims.

---

[2] The Court finds that it need not wait until the Parties have responded to the various objections, as their respective positions are amply argued in prior filings.

With respect to the pending motions and objections, the Court has reviewed the claims and defenses de novo and, with the exception of the characterization of the third-party claims discussed below, finds that, in light of the factual disputes among the Parties and the early stage of this action, the recommendations of the M&R should and will be accepted. Regarding the "third-party claims," the M&R is correct that they cannot properly be brought under Rule 14. *See* Doc. No. 82 at 25-28. However, in the interest of efficiency and moving this case forward towards a resolution of the merits, the Court will accept Defendants' argument that the Court can "redesignate" the third party claims as counterclaims pursuant to Rules 13, 19 and/or 20. *See* Doc. No. 86. Accordingly, the Plaintiffs' motion to dismiss those claims will be denied. Further, in light of that ruling, Defendants' Motion to Amend/Correct their Counterclaims and the related Motion for Extension of Time are moot.

## IV.    ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. The Recommendations of the M&R, Doc. No. 82, described above are adopted and accepted and the Parties' Objections are Overruled, except that Plaintiff's Motion to Dismiss the Third Party Claims is **DENIED;**

2. Defendants' Third Party Claims are redesignated as Counterclaims pursuant to Rules 13, 19 and/or 20 of the Federal Rules of Civil Procedure;

3. Defendants' Motion to Amend/Correct their Counterclaims, Doc. No. 84, and the related Motion for Extension of Time, Doc. No. 88, are **DENIED** as moot; and

4. This case shall proceed to trial on the merits on the remaining claims in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: September 17, 2025

Kenneth D. Bell
United States District Judge